## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE and BETH DUDLEY, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs,*<br><br> v.<br><br>PUTNAM INTERNATIONAL EQUITY FUND and PUTNAM INVESTMENT MANAGEMENT, LLC<br><br>    *Defendants.* | (Circuit Court for Madison County, Illinois, Case No. 2003 L 001539)<br><br>Case No. 3:10-cv-00328-DRH-CJP |

### NOTICE OF REMOVAL

Defendants Putnam International Equity Fund and Putnam Investment Management, LLC (collectively, the "Defendants") hereby respectfully remove this action to the United States District Court for the Southern District of Illinois, pursuant to (i) the general federal removal provisions, 28 U.S.C. §§ 1441, 1446(b), and (ii) the removal provisions of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(c) & 78bb(f)(2).

For the reasons stated below, this case is now removable in light of a pivotal development, subsequent to this Court's remand order of July 16, 2007, in the state court proceedings in *Kircher v. Putnam Funds Trust*, Madison County Circuit Court Case No. 2003 L 001254, a case substantially identical to this one, and involving the same Putnam defendants. In particular, the Appellate Court of Illinois, Fifth Judicial District (the "Appellate Court") has issued a mandate, dated March 30, 2010, ordering that Plaintiffs' claims in *Kircher* be dismissed because they are precluded by SLUSA. A true and correct copy of the Appellate Court's

mandate is attached as Exhibit A, accompanied by that court's opinion, dated January 6, 2010, that preceded the mandate.[1]  Under 28 U.S.C. § 1446(b), as interpreted by this Court in this and related cases, and by other federal courts, the Appellate Court's mandate is an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

        In an opinion in the companion case of *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1112 (S.D. Ill. 2007), which this Court previously adopted in this case, this Court stated that removal in the circumstances of this case would be an "onerous task . . . *absent a binding judicial determination before removal that the claims in the case are preempted by SLUSA*." (Exhibit B) (emphasis supplied).  The Appellate Court's mandate is that determination.

## PROCEDURAL HISTORY

**A.    This Court's 2007 Remand Was Based On The Absence Of A State Court Order -- Which There Now Is -- Holding That The Case Is Precluded By SLUSA**

        1.      As a result of the prior removal and remand proceedings in this and related cases, the Court is already familiar with this putative state law securities class action involving alleged market-timing of mutual fund shares.[2]  (We refer to this case as "*Dudley I*," and to the companion case as "*Dudley II*," because this case is the lower-numbered state court action.)[3]  All

---

[1]      The Appellate Court's opinion is published as *Kircher v. Putnam Funds Trust*, 922 N.E.2d 1164 (Ill. App. Ct. 5th Dist. 2010) ("*Kircher VI*").

[2]      Plaintiffs initially filed this action in the Circuit Court for Madison County, Illinois, on November 10, 2003.  A copy of the complaint is attached as Exhibit C.  Copies of all process, pleadings, and orders served upon Defendants are attached as Exhibit D.

[3]      The only difference between *Dudley I* and *Dudley II* is the identity of the Putnam investment company named as a defendant (Putnam International Equity Fund in this case, *Dudley I*, and Putnam Investment Funds in *Dudley II*).  The cases are otherwise identical in all material respects.  As discussed in the attached Appendix Of Procedural History, Defendants

*(cont'd)*

relevant proceedings *preceding* the Court's 2007 remand orders in this case, *Dudley v. Putnam Int'l Equity Fund*, Case Nos. 3:06-cv-00938-GPM, 3:06-cv-01013-GPM (S.D. Ill. July 16, 2007) (Exhibit E), are discussed in the Court's closely related decision in *Dudley II*, 472 F. Supp. 2d 1102, which the Court incorporated by reference in its remand orders.  The *post*-remand proceedings in state court are discussed in detail below.

2.      For the Court's convenience, the attached Appendix Of Procedural History provides a chronological summary of all relevant proceedings in this case, both before and after the 2007 remand orders.

3.      As noted, in this case, this Court granted Plaintiffs' motion for remand based on procedural defects, which argued that Defendants' removal was not procedurally proper in light of the earlier proceedings in the case and the requirements of section 1446(b).  In doing so, this Court incorporated its decision in *Dudley II*.  472 F. Supp. 2d 1102 (Exhibit B).

4.      In *Dudley II*, this Court held that section 1446(b) did not permit removal in the procedural posture at that time -- *i.e.*, where the Seventh Circuit had remanded the case, following the Supreme Court's decision that this Court's initial 2004 remand order was not appealable even if erroneous, and where this Court had given effect to the Seventh Circuit's dictate that the case be returned to state court by issuing an order to that effect.  *See id.* at 1107-10, discussing *In re Mutual Fund Market-Timing Litig.*, 468 F.3d 439 (7th Cir. 2006) ("*Kircher IV*") (ordering the case to be remanded to state court based on U.S. Supreme Court's decision in *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 648 (2006) ("*Kircher III*"), which held that the

_____

*(cont'd from previous page)*
filed two removal notices in each case, in late 2006.  Thus, in 2007, this Court issued two remand orders in each case.

Seventh Circuit did not have appellate jurisdiction to review the district court's remand order, even if erroneous).

      5.     In particular, this Court considered in *Dudley II* whether the following portion of section 1446(b) was satisfied:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

*See* 472 F. Supp. 2d at 1107.

      6.     This Court held that the Seventh Circuit's decision in *Kircher IV* did not constitute an "order" within the meaning of section 1446(b) because it was not "a command or direction concerning the existence of federal subject matter jurisdiction in this case." *Id.* at 1108. This Court thus stated:

> [T]he *Kircher IV* court made no determination about whether federal subject matter jurisdiction is proper in this case under SLUSA and in fact it expressly "reserved" that issue for a later time. *See id.* at 444. Most importantly, the *Kircher IV* court stated explicitly that the issue to be resolved on any future removal of the case under SLUSA would be whether *Dabit* -- not *Kircher IV* or a remand order entered pursuant to the mandate in *Kircher IV* -- "supplies an intervening change of law" so as to "justify in successive removal." *Id.* Thus, nothing in *Kircher IV* constitutes a command or direction concerning the existence of federal subject matter jurisdiction in this case.

      7.     This Court further held that its order implementing the Seventh Circuit's mandate in *Kircher IV* and remanding the case to state court did not qualify as an "order" allowing removal under section 1446(b), because that order was a purely executory action that the Court was required to effectuate:

> The Court's order remanding this case to state court pursuant to the mandate in *Kircher IV* cannot be regarded as a command with respect to the existence of subject matter jurisdiction in the case. Rather, the Court merely executed a mandate of the Seventh Circuit Court of Appeals, as the Court was required to do and in fact had no jurisdiction to do otherwise.

*Id.*

8.      This Court additionally held that the Supreme Court's decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 85-86 (2006), which held that state law securities class actions on behalf of "holders" of securities are precluded by SLUSA (assuming that SLUSA's other elements for preclusion are met), did not provide a basis for removal, because that case was unrelated to the cases filed by these Plaintiffs' counsel, and because "nothing in *Dabit* reasonably can be construed as an order for the defendants in that case or indeed any case to remove other cases to federal court." *Dudley*, 472 F. Supp. 2d at 1111.

9.      Most importantly for present purposes, this Court made explicit that it was *not* holding that a case in the procedural circumstances of this matter could never be removed. This Court acknowledged the potential incongruity of requiring a defendant in a case precluded by SLUSA to litigate in state court, in a situation where a federal court erroneously remands the case to state court, and it identified circumstances in which removal might occur:

> In this case, Defendants attempted removal once, but were remanded. As it turns out, the grounds for that remand were incorrect, in light of *Dabit*, but the important point is that now Defendants are in the difficult position of showing grounds for a second removal of this case. . . . [It] may be that, if a removal of a case under SLUSA within thirty days of service of an original complaint fails, it will be quite an onerous task for a defendant to remove the case a second time under the statute, *absent a binding judicial determination before removal that the claims in the case are preempted by SLUSA*.

*Id.* at 1112 (emphasis supplied).

10.     As demonstrated below, there now has been "*a binding judicial determination before removal that the claims in the case are preempted by SLUSA*." That determination is

5

embodied in the Appellate Court's March 30, 2010 mandate in *Kircher* directing dismissal of

Plaintiffs' claims.

**B.    The State Court Proceedings Following This Court's 2007 Remand, And**
**The Appellate Court's Determination That This Case Is Precluded By SLUSA**

11.    When, following this Court's July 2007 remand, this action was returned to the

Circuit Court for Madison County, Defendants promptly moved for judgment on the pleadings,

on the ground that SLUSA precluded Plaintiffs' claims for the reasons set forth in Chief Judge

David R. Herndon's July 2007 order denying Plaintiffs' motion to remand for lack of subject

matter jurisdiction in *Kircher v. Putnam Funds Trust*, Nos. 3:06-cv-939-DRH, 3:06-cv-01001-

DRH, 2007 WL 2068353 (S.D. Ill. July 17, 2007) ("*Kircher V*") (Exhibit F).  *Kircher V*

incorporated by reference Judge Herndon's decision in *Potter v. Janus Inv. Fund*, 483 F. Supp.

2d 692, 699 (S.D. Ill. 2007) (Exhibit G).[4]

12.    On December 20, 2007, the Circuit Court denied Defendants' motion for

judgment on the pleadings, on the basis that the requirements for SLUSA preclusion were not

satisfied.  (Exhibit D-15.)  The Circuit Court did not, as Judge Herndon had urged, accord law-

of-the-case deference to his rulings in *Kircher V* and *Potter* that the case is precluded by SLUSA.

13.    On January 9, 2008, Defendants moved the Circuit Court for certification of an

interlocutory appeal in *Kircher* pursuant to Ill. S. Ct. R. 308.[5]  On May 2, 2008, the Circuit Court

granted Defendants' motion for certification, and certified five questions for consideration by the

---

[4]      The dispositive motion was filed in state court on September 26, 2007.  The Putnam
Defendants filed identical motions that day in *Kircher* and *Dudley II*.  Also that day, the Circuit
Court ordered that briefing be consolidated in all three cases.  Simultaneous with this Notice of
Removal, the Putnam defendants are filing notices of removal in *Kircher* and *Dudley II*.

[5]      Because both *Dudley I* and *Dudley II* are substantially identical to *Kircher*, and because
any appellate opinion in *Kircher* would be binding in both *Dudley I* and *Dudley II*, Defendants
sought appeal in *Kircher* only.

Appellate Court, including:  "1.  Does [SLUSA] preclude this action?"  Defendants thereafter applied to the Appellate Court for leave to appeal, which that court granted on June 10, 2008. After briefing, the Appellate Court heard oral argument on June 4, 2009 (the hearing was not transcribed).

14.     On January 6, 2010, the Appellate Court issued a unanimous opinion, adopting Judge Herndon's analysis in *Potter* of SLUSA's preclusive reach, and answered the first certified question in the affirmative.  *Kircher VI, supra*.  The Appellate Court thus joined the host of courts that, both before and after this Court's 2007 remand order, have held market timing class actions filed by these Plaintiffs' counsel to be SLUSA precluded.  *E.g. Wiggenhorn v. AXA Equitable Life Ins. Co. (In re Mut. Funds Inv. Litig.)*, 309 Fed. Appx. 722 (4th Cir. Jan. 30, 2009), *cert. den.* 130 S. Ct. 65 (U.S. Oct. 5, 2009).

15.     On January 27, 2010, Plaintiffs filed a petition for rehearing in the Appellate Court.  *See* Ill. S. Ct. R. 367 (providing that a petition for rehearing may be filed within 21 days following an adverse opinion).  On February 16, 2010, the Appellate Court denied Plaintiffs' petition for rehearing.  After publicly stating that they would file a petition in the Illinois Supreme Court for leave to appeal, Plaintiffs ultimately did not do so.  *See* Ill. S. Ct. R. 315 (providing that a petition for leave to appeal to the Illinois Supreme Court may be filed no later than 35 days following the denial of a petition for leave to appeal).

16.     On March 30, 2010, after the time for possible further appellate review had expired, the Appellate Court issued a mandate implementing its *Kircher* opinion:

> It is the decision of this Court that the judgment on appeal be FIRST
> CERTIFIED QUESTION ANSWERED; ORDER REVERSED; CAUSE
> REMANDED WITH DIRECTIONS.

(Exhibit A.)

17.     On April 5, 2010, the Circuit Court entered an order dismissing *Kircher* with prejudice.  Accordingly, on April 8, 2010, Defendants moved to dismiss this case (and *Dudley II*) based on the Appellate Court's opinion and mandate in *Kircher*.  (Exhibit H.)  On April 15, 2010, Plaintiffs filed oppositions to Defendants' motions to dismiss, and moved in each case to file an amended complaint.  (Exhibit I.)  Plaintiffs also moved to vacate the dismissal with prejudice in *Kircher* and to file an amended complaint.

## BASES FOR REMOVAL

## I.      THE COURT HAS REMOVAL JURISDICTION OVER THIS CASE

18.     This case is both within this Court's removal jurisdiction and precluded by SLUSA.  The Appellate Court opinion in *Kircher VI* unequivocally held that SLUSA precluded Plaintiffs' claims, and rejected the arguments advanced by Plaintiffs, "in the hope that a local judge or jury may produce an idiosyncratic award."  *Kircher v. Putnam Funds Trust*, 403 F.3d 478, 484 (7th Cir. 2005) ("*Kircher II*"), *vacated on other grounds*, 547 U.S. 633 (2006).  And there is no question that *Kircher VI* is binding on all proceedings in the substantially identical *Dudley* cases.

19.     In *Kircher VI*, the Appellate Court held, pursuant to the Supreme Court's instruction in *Dabit* that SLUSA is to be broadly construed in favor of preclusion, that the gravamen of Plaintiffs' allegations was misrepresentation of value:

> Although the plaintiffs argue, and the circuit court ruled, that the complaint is outside the scope of [SLUSA] because it alleges the negligent and wilful and wanton mismanagement of the funds, we find that the plaintiffs' allegations of stale pricing are, in essence, allegations of a negligent or wilful and wanton misrepresentation of value.

*Kircher VI*, 922 N.E.2d at 1171.

20.     The Appellate Court further held, in accord with Judge Herndon's 2007 decision in *Potter*, that Plaintiffs' allegations were based on the failure to disclose the method for

calculating mutual fund share pricing.  *Id.* at 1171-72 ("We also find . . . that the plaintiffs'

allegations are based, at least implicitly, on the defendants' failure to disclose to the plaintiffs

their method of calculating the NAV and the fact that this method has a potential to reward

market-timing investors at the expense of long-term investors.").

21.     And the Appellate Court held, also in accord with Judge Herndon's 2007 decision

in *Potter*, that Plaintiffs' characterization of their complaint to allege dilution of the value of the

mutual fund shares through Defendants' mismanagement of the funds could not avoid SLUSA

preclusion.  *Id.* at 1172 ("[T]he fact that the Securities Litigation Act expressly exempts state law

class actions which are brought as derivative actions indicates that it was designed to extend

broadly to actions in which the alleged mismanagement of a fund had caused a direct injury to

the fund and only an indirect injury to the shareholders.").

## II.     REMOVAL IS PROCEDURALLY PROPER

22.     This Notice is timely under 28 U.S.C. § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of
> removal may be filed within thirty days after receipt by the defendant,
> through service or otherwise, of a copy of an amended pleading, motion,
> order or other paper from which it may first be ascertained that the case is
> one which is or has become removable . . . .

23.     The Appellate Court's *Kircher* mandate is, pursuant to section 1446(b), an

"order . . . from which it may first be ascertained that the case is one which is or has become

removable."  Because *Kircher* is substantially identical to the *Dudley* cases, and because

Defendants are removing within thirty days of receipt of the *Kircher* mandate, on March 31,

2010, removal is timely.

24.     As shown, this Court has acknowledged that a state court order such as the

*Kircher* mandate would provide the necessary basis for removal.  This Court recognized that "a

binding judicial determination before removal that the claims in the case are preempted by

9

SLUSA" would provide the necessary grounds for removal.  *Dudley*, 472 F. Supp. 2d at 1112.

That is what happened in *Kircher VI*, when, after the Plaintiffs abandoned further appellate

review, the Appellate Court issued the mandate implementing its opinion.

25.     Until the Appellate Court issued its mandate, there was no order in the state court

proceedings requiring the Circuit Court to dismiss them as SLUSA-precluded.  As Plaintiffs

previously recognized, a mandate is an "order" for purposes of section 1446(b) that triggers

removal rights.[6]

26.     Other courts have upheld removal in comparable circumstances.  For example, in

*Doe v. Am. Red Cross*, the Third Circuit permitted a defendant to re-remove within 30 days after

the U.S. Supreme Court's judgment in a related case showing that the case had become

removable:

> We hold that because the [defendant] here was the critical party in [the
> Supreme Court's decision in ] *American National Red Cross v. S.G.* and
> filed a notice of removal within thirty days after receiving an order of the
> Court implementing its decision, [the defendant] was authorized under the

---

[6]     Plaintiffs so recognized in previously arguing to this Court that Defendants were not
entitled to rely on *Dabit* as a basis for removal, because more than thirty days had elapsed after
the Supreme Court issued its final judgment, which is the Supreme Court equivalent of a
mandate.  *See* Supreme Court Rule 45(3) ("In a case on review from any court of the United
States . . . a formal mandate does not issue unless specially directed; instead, the Clerk of this
Court will send the clerk of the lower court a copy of the opinion or order of this Court and a
certified copy of the judgment.").  In particular, Plaintiffs argued:

> The general removal statute requires removal of a case within 30 days of the
> event which makes a case removable, and this removal is way out of time.
> Indulging every possible benefit of the doubt to the defendants, *even if the
> Supreme Court's decision in* Dabit *somehow revived the defendants' right to
> remove, the latest date on which they could have removed was thirty days after
> the Supreme Court clerk issued the Supreme Court's final judgment in* Kircher.

Pls. Mem. In Support Of Motion For Remand For Defect In Removal Procedure, at 2, *Dudley v.
Putnam Int'l Equity Fund*, Case No. 3:06-cv-00938-GPM (S.D. Ill. Dec. 14, 2006) (emphasis
supplied).

> statute to file for reremoval, even though its first removal had been
> previously remanded in proceedings that antedated the Court's decision.

*Doe v. Am. Red Cross*, 14 F.3d 196, 198 (3d Cir. 1993) (internal quotation marks omitted).

27.    Similarly, in *Green v. R.J. Reynolds Tobacco Co.*, the Fifth Circuit held that an

intervening decision permitted the defendants in *Green* to re-remove within 30 days under

section 1446(b) because both cases involved the same defendants and a similar factual situation

and legal issue:

> [H]ere the defendants . . . were all defendants in the *Sanchez* case, which
> involved a similar factual situation and legal conclusion . . . . Although
> *Sanchez* did not explicitly discuss removal, the effect of the decision in
> *Sanchez* has a similar effect on our case as the [Supreme Court's] *S.G.*
> decision had on American Red Cross [in *Doe*]. . . . We therefore hold that
> the *Sanchez* opinion . . . was an "order" for purposes of § 1446(b) removal
> in this case involving the same defendants, and a similar factual situation
> and legal issue.

*Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266-68 (2001); *accord Young v. Chubb*

*Group of Ins. Co.*, 295 F.Supp.2d 806, 808 (N.D. Ohio 2003) (denying the plaintiff's motion for

remand, because an intervening Sixth Circuit decision permitted the defendant to re-remove in

the case at bar, which involved the same defendant and " similar facts and legal issues").

28.    Defendants will promptly serve written notice of the removal of this action upon

all adverse parties and will file such notice with the Clerk of the Circuit Court for Madison

County, Illinois, as required by 28 U.S.C. § 1446(d).

29.    All Defendants join in this Notice of Removal.  Defendants are represented by the

undersigned counsel who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure,

that the foregoing is true and correct.

Dated:  April 29, 2010

James R. Carroll
Peter Simshauser
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
Tel:  (617) 573-4800
Fax:  (617) 573-4822
Email:  jcarroll@skadden.com

Counsel for Defendant Putnam Investment
Management, LLC

John D. Donovan, Jr.
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 951-7655
Fax: (617) 951-7050
Email:  john.donovan@ropesgray.com

Counsel for Defendant Putnam International
Equity Fund


Respectfully submitted,


s/ Charles L. Joley
Charles L. Joley Bar No. 6188622
DONOVAN, ROSE, NESTER
    & JOLEY, P.C.
8 East Washington Street
Belleville, Illinois 62220
Tel: (618) 235-2020
Fax: (618) 235-9632
Email:  cjoley@ilmoattorneys.com

Counsel for Defendant Putnam Investment
Management, LLC


s/ Rebecca R. Jackson (with consent)
Rebecca R. Jackson Bar No. 3123423
BRYAN CAVE
One Metropolitan Square
211 North Broadway
St. Louis, Missouri 63102
Tel:  (314) 259-2000
Fax:  (314) 259-2020
Email:  rrjackson@BryanCave.com

Counsel for Defendant Putnam International
Equity Fund

12

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2010, I electronically filed the foregoing document, including attachments and exhibits, with the Clerk of the Court using the CM/ECF System which will send notification of such documents to the following:

Rebecca R. Jackson
BRYAN CAVE
One Metropolitan Square
211 North Broadway
St. Louis, Missouri 63102
Tel:  (314) 259-2000
Email:  rrjackson@BryanCave.com

Charles L. Joley
DONOVAN, ROSE, NESTER
   & JOLEY, P.C.
8 East Washington Street
Belleville, Illinois 62220
Tel: (618) 235-2020
Email:  cjoley@ilmoattorneys.com

Stephen M. Tillery
KOREIN TILLERY – Swansea
10 Executive Woods Court
Swansea, Illinois 62226
Tel:  (314) 241-4844
Email:  STillery@koreintillery.com

And I hereby certify that on April 29, 2010, I mailed by United States Postal Service, such documents to the following non-registered participants:

Robert L. King
505 North 7th Street, Suite 3600
St. Louis, Missouri 63101
Tel:  (314) 241-4844
Email:  RKing@koreintillery.com

Klint L. Bruno
KOREIN TILLERY – Chicago
205 North Michigan Plaza, Suite 1940
Chicago, Illinois 60601
Tel:  (312) 899-5065
Email:  KBruno@koreintillery.com

James R. Carroll
Peter Simshauser
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
Tel:  (617) 573-4800
Email:  jcarroll@skadden.com

John D. Donovan, Jr.
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 951-7655
Email:  john.donovan@ropesgray.com

By:    s/ Charles L. Joley
        Charles L. Joley Bar No. 6188622
        DONOVAN, ROSE, NESTER
          & JOLEY, P.C.
        8 East Washington Street
        Belleville, Illinois 62220
        Tel:  (618) 235-2020
        Email:  cjoley@ilmoattorneys.com

        Counsel for Defendant Putnam Investment Management, LLC