IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

STEVE and BETH DUDLEY, individually     )
and on behalf of all others similarly situated,     )
                                        )
        Plaintiffs,                     )
                                        )
vs.                                     )
                                        )     No. 03 L C 1899 #14
PUTNAM INTERNATIONAL EQUITY FUND and     )
PUTNAM INVESTMENT MANAGEMENT, LLC,       )
                                        )
        Defendants.                     )

## ORDER

Cause comes to be heard on Defendants' Motion for Extension of Time, said motion is

hereby granted.  Defendants shall have until and including March 11, 2004, to answer, plead or

otherwise appear or respond to Plaintiffs' Complaint.


Clerk to send copies to all counsel of record.


Dated: _3/17/04_                        _George J Moran_

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

FILED

MAR 2 5 2004

CLERK OF CIRCUIT COURT #14
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

STEVE and BETH DUDLEY, individually          )
and on behalf of all others similarly situated,  )
                                              )
          Plaintiffs,                         )
                                              )
vs.                                           )      Cause No. 03-L-1539
                                              )
PUTNAM INTERNATIONAL EQUITY FUND              )
and PUTNAM INVESTMENT MANAGEMENT, LLC,        )
                                              )
          Defendants.                         )

## ORDER APPROVING MOTION FOR ADMISSION PRO HAC VICE

THIS COURT, being fully advised in the premises, hereby grants the Motion for Admission Pro Hac Vice to allow *Francis J. Blaint, Jr.* and *Andy Friedman* admission *pro hac vice* to represent Plaintiff, *Steve Dudley and Beth Dudley, individually and on behalf of all others similarly situated,* to be admitted for the purpose of this case only.

Dated this _____ day of _____, 2004.

_____
Judge Moran

Exhibit D – 2

**MATT MELUCCI**
**CLERK OF THE CIRCUIT COURT**

Civil Court Docket For Madison County Circuit Court. This Docket Includes  L, LM, CH, SC, MR, ED, and TX Cases.

| Attorney Name | Date of Hearing | Time | Case Number | Judge | Room | City of Courthouse |
|---|---|---|---|---|---|---|
| BRUEGGEMANN MARK | 4/8/04 | 100 PM | 02-SC-002133 | SC JUDGE | TBA | EDWARDSVILLE |

LEGATUS EMERGENCY SERVICES INC  V.  MEYER CRYSTAL
(CITATION TO DISCOVER)

| BRUEGGEMANN MARK | 4/8/04 | 100 PM | 03-SC-000692 | SC JUDGE | TBA | EDWARDSVILLE |

PACKAGING CREDIT COMPANY LLC  V.  BEARD SCOTT
(CITATION TO DISCOVER ASSETS)

| BRUEGGEMANN MARK | 4/8/04 | 930 AM | 03-LM-001348 | LM JUDGE | 302 | EDWARDSVILLE |

ASSET ACCEPTANCE LLC AS ASSIGN  V.  HUTCHINSON BRIAN
(STATUS CONFERENCE)

| BRUEGGEMANN MARK | 4/8/04 | 1100 AM | 03-LM-000443 | LM JUDGE | 302 | EDWARDSVILLE |

TRAVELERS INDEMNITY COMPANY OF  V.  KOUPA BRAD
(FINAL PRE-TRIAL CONFERENCE)

| BRUNTON MICHAEL J. | 4/8/04 | 930 AM | 03-L-001393 | MORAN | 320 | EDWARDSVILLE |

ODOM LISA  V.  FARMERS INSURANCE GROUP
(D/MOTION TO DISMISS)

| BRUNTON MICHAEL J. | 4/8/04 | 930 AM | 03-LM-001092 | LM JUDGE | 302 | EDWARDSVILLE |

NEUMANN PATRICIA  V.  KAMPWERTH WILLIAM
(STATUS CONFERENCE)

| BRYAN CAVE LLP | 4/8/04 | 100 PM | 89-MR-000151 | SC JUDGE | TBA | EDWARDSVILLE |

HILYARD MARVIN  V.  I M SIMON & COMPANY
(CITATION TO DISCOVER ASSETS)

| BRYAN CAVE LLP | 4/8/04 | 930 AM | 03-L-001539 | MORAN | 320 | EDWARDSVILLE |

DUDLEY STEVE INDIVIDUALLY AND  V.  PUTNAM INTERNATIONAL EQUITY FU
(D/MOTION TO DISMISS)

Exhibit D – 3

**MATT MELUCCI**
**CLERK OF THE CIRCUIT COURT**

Civil Court Docket For Madison County Circuit Court. This Docket Includes  L, LM, CH, SC, MR, ED, and TX Cases.

| *Attorney Name* | *Date of Hearing* | *Time* | *Case Number* | *Judge* | *Room* | *City of Courthouse* |
|---|---|---|---|---|---|---|
| BRUNTON MICHAEL J. | 5/6/04 | 830 AM | 03-LM-001328 | LM JUDGE | 302 | EDWARDSVILLE |
| REEVES WANDA  V.  SCHNUCK MARKETS INC | | | | | | |
| (CASE MANAGEMENT CONFERENCE) | | | | | | |
| | | | | | | |
| BRUNTON SHARI M | 5/3/04 | 900 AM | 02-L-001330 | MATOESIAN | 351 | EDWARDSVILLE |
| COLLINS NATHANIEL L A MINOR BY  V.  DELKUS JANET | | | | | | |
| (JURY TRIAL) | | | | | | |
| | | | | | | |
| BRYAN CAVE LLP | 5/5/04 | 930 AM | 03-L-001255 | MORAN | 320 | EDWARDSVILLE |
| KIRCHER CARL IND AND ON BEHALF  V.  PUTNAM FUNDS TRUST A BUSINESS | | | | | | |
| (ALL PENDING MOTIONS-SPECIAL SETTING FROM JUDGE) | | | | | | |
| | | | | | | |
| BRYAN CAVE LLP | 5/5/04 | 930 AM | 03-L-001539 | MORAN | 320 | EDWARDSVILLE |
| DUDLEY STEVE INDIVIDUALLY AND  V.  PUTNAM INTERNATIONAL EQUITY FU | | | | | | |
| (ALL PENDING MOTIONS-SPECIAL SETTING FROM JUDGE) | | | | | | |
| | | | | | | |
| BRYAN CAVE LLP | 5/5/04 | 930 AM | 03-L-001540 | MORAN | 320 | EDWARDSVILLE |
| DUDLEY STEVE INDIVIDUALLY AND  V.  PUTNAM INVESTMENT FUNDS | | | | | | |
| (ALL PENDING MOTIONS-SPECIAL SETTING FROM JUDGE) | | | | | | |
| | | | | | | |
| BUESCHER & ASSOCIATES | 5/3/04 | 900 AM | 02-L-001330 | MATOESIAN | 351 | EDWARDSVILLE |
| COLLINS NATHANIEL L A MINOR BY  V.  DELKUS JANET | | | | | | |
| (JURY TRIAL) | | | | | | |
| | | | | | | |
| BURKART LAW OFFICE | 5/6/04 | 100 PM | 03-CH-000252 | FORECLOSU | TBA | EDWARDSVILLE |
| CLOVER LEAF BANK SB  V.  OVERBECK REED W | | | | | | |
| (SALE) | | | | | | |
| | | | | | | |
| BURKART LAW OFFICE | 5/6/04 | 200 PM | 04-CH-000174 | FORECLOSU | TBA | EDWARDSVILLE |
| CLOVER LEAF BANK SB  V.  SCHMIDT GREGORY A | | | | | | |
| (CMC) | | | | | | |

**Exhibit D – 4**

file
cc RRJ
AcB

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**FILED**

MAY 05 2004

CLERK OF CIRCUIT COURT #14
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

STEVE and BETH DUDLEY,                    )
Individually and on behalf of all others  )
similarly situated,                       )
                                          )
                    Plaintiffs,           )
                                          ) No. 03 L 1539
vs.                                       )
                                          )
PUTNAM INTERNATIONAL EQUITY               )
FUND, PUTNAM INVESTMENT                   )
MANAGEMENT, LLC.,                         )
                                          )
                    Defendants            )

## DOCKET ORDER

Case called for hearing this date May 5, 2004.   All parties appear.   Counsel

argue Motion to Dismiss.  Court takes motion under advisement.  These proceedings

were taken this date by Alisa O'Leary, Court Reporter.

**Clerk to enter this Order on the AS400 docket sheet.**

**DATE: 5-5-04**

Hon. George J. Moran
Judge Presiding

**Exhibit D – 5**

file
cc : RRJ
    AcB

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

STEVE DUDLEY and BETH DUDLEY,      )
Individually and on behalf of all others  )
similarly situated,                              )
                                                      )
            Plaintiffs,                              )
                                                      )
vs.                                                  )        No. 03-L-1539
                                                      )
PUTNAM INTERNATIONAL EQUITY         )
FUND and PUTNAM INVESTMENT            )
MANAGEMENT, LLC,                          )
                                                      )
            Defendants.                            )

FILED
MAY 05 2004
CLERK OF CIRCUIT COURT #14
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

## O R D E R

THIS CAUSE COMING BEFORE THE COURT, the Court being advised in the premises, and having received the Pro Hac Vice Petition Pursuant to Illinois Supreme Court Rule 707 with the attached Affidavit of Charles L. Joley and Affidavit of Applicant Attorney.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the Pro Hac Vice Petition Pursuant to Illinois Supreme Court Rule 707 is hereby *GRANTED*. Accordingly, Seth M. Schwartz of the Skadden, Arps, Slate, Meagher & Flom, LLC law firm is authorized to represent the defendants, Putnam International Equity Fund and Putnam Investment Management, LLC in the above-styled matter, *Pro Hac Vice*.

SO ORDERED THIS  5  DAY OF  May            , 2004.

_George J Moran_
JUDGE

**Exhibit D – 6**

file
cc   RRJ
     ACB

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

FILED

MAY 06 2004

CLERK OF CIRCUIT COURT #14
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

STEVE and BETH DUDLEY, individually
and on behalf of all others similarly situated,

    Plaintiffs,

vs.

PUTNAM INTERNATIONAL EQUITY  FUND and
PUTNAM INVESTMENT MANAGEMENT, LLC,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No. 03-L-1539

## ORDER

    Cause comes to be heard on Motion for Admission Pro Hac Vice of John D. Donovan, Jr.

and Thomas B. Smith, said Motion is hereby granted.  John D. Donovan, Jr. and Thomas B.

Smith are given leave to appear pro hac vice as counsel for Putnam International Equity Fund in

this matter.

Dated: _5/6/04_

                                                       George J. Moran

**Exhibit D – 7**

RECEIVED

JUN 30 04

FILED

JUN 25 2004

CLERK OF CIRCUIT COURT #14
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

STEVE and BETH DUDLEY, individually   )
and on behalf of all                  )
others similarly situated,            )
                                      )
        Plaintiffs,                   )
                                      )
vs.                                   )          Cause No.   03-L-1539
                                      )
PUTNAM INTERNATIONAL EQUITY FUND and  )
PUTNAM INVESTMENT MANAGEMENT, LLC,    )
                                      )
        Defendants.                   )

<u>ORDER</u>

Plaintiffs filed this putative class action complaint on

November 10, 2003, on behalf of long-term investors of certain

mutual funds against Putnam International Equity Fund and Putnam

Investment Management, LLC (collectively referred to herein as

"Putnam Defendants").

Defendant Putnam International Equity Fund is a

Massachusetts business trust with its principal place of business

in Boston, Massachusetts.  Defendant Putnam Investment

Management, LLC is a Delaware limited liability company with its

principal place of business in Boston, Massachusetts.

The complaint alleges that Putnam International Equity Fund

is a mutual fund which primarily bought securities that are

traded in foreign securities markets, and that this fund is

intended for and marketed to long-term investors.  The price of

these mutual fund shares is based upon the net asset value

1

Exhibit D – 8

("NAV") of the share, which Defendants set once daily at 4:00 p.m. Eastern Time.  Due to the time differences in the foreign securities markets, Plaintiffs allege that the closing prices used to determine the NAV are outdated, thereby allowing market timing traders to take advantage of stale pricing to the detriment of long-term investors.  Plaintiffs claim that the market timing trading injured long-term investors by diluting the long-term investors' interests in the mutual fund.

In Count I of their Complaint, Plaintiffs allege that the Putnam Defendants breached their duties of care to long-term investors of the fund by, among other things, failing to implement proper portfolio valuation and share pricing policies. In Count II of their Complaint, Plaintiffs allege that Putnam Defendants willfully and wantonly breached their duties to long-term investors of the fund.

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to 735 ILCS 5/2-615 and 735 ILCS 5/2-619. The parties have submitted briefs and have argued before the Court in support of their respective positions.  The Court, after considering all the relevant facts, the arguments and the law, finds as follows:

1.    Defendants claim that Plaintiffs lack standing because Plaintiffs' claims are derivative in nature and cannot be brought by an individual shareholder.  The law of the State of

2

Massachusetts governs with regard to whether Plaintiffs' claims against the Putnam Defendants are direct or derivative. Whether a claim is direct or derivative depends on the nature of the alleged injury. <u>Strougo v.Bassini</u>, 282 F.3d 162, 175 (2nd Cir. 2002)

In this case, Plaintiffs are not attempting to recover losses suffered by the fund itself -- Plaintiffs do not claim any adverse impact on the fund. The fund itself is not injured by the sale of undervalued fund shares. Rather, Plaintiffs seek to recover damages suffered by the long-term investors themselves. Because the alleged injuries are to the shareholders alone, and not to the Fund, this Court finds that, under both Massachusetts and Delaware law, Plaintiffs' claims against are direct, not derivative. See <u>Strougo v.Bassini</u>, 282 F.3d 162 (2nd Cir. 2002).

2.   The Putnam Defendants claim that Plaintiffs were required to make a pre-suit demand on the board of trustees of the fund, thereby barring Plaintiffs' claims. Rule 23.1 of the Federal Rules of Civil Procedure, which requires the pre-suit demand, applies only to derivative actions. Because Plaintiffs' claims are not derivative, such a "demand or excuse" is not required.  <u>See, e.g., Kamen v. Kemper Financial Services, Inc.,</u> 500 U.S. 90, 108 (1991).  Moreover, this Court finds that Plaintiffs were also not required to make a pre-suit demand because any such demand would have been useless due to the

3

board's bias in considering such a demand.  <u>Kamen</u>, 500 U.S. at 101-02.

3.   The Putnam Defendants claim that Plaintiffs' claims against Putnam Investment Management, LLC are barred by the management contract between Putnam Investment Management, LLC and Putnam Funds Trust.  Plaintiffs were not parties to the agreement, nor was there any evidence showing that Plaintiffs intended to be bound by that agreement.  For a contract to be enforceable, the "parties must have a present intention to be bound by that agreement."  <u>Hunneman Real Estate Corp. v. Norwood Realty, Inc.</u>, 765 N.E.2d 800, 805 (Mass. Ct. App. 2002).  Moreover, the management contract preserves liability for "willful misfeasance, bad faith or gross negligence," which Plaintiffs alleged.  This Court finds that Plaintiffs' claims are not barred by the management contract.

4.   Defendants claim Plaintiffs have failed to plead sufficient facts to show that Defendants owed Plaintiffs the duties alleged in the complaint.  The Putnam Defendants also claim that Plaintiffs have failed to allege that any such duty was breached or that Plaintiffs suffered damages as a result of any alleged breach of duty.

Duty is the responsibility to conform to a particular standard of conduct for the protection of another against an unreasonable risk of harm.  <u>Remy v. MacDonald</u>, 801 N.E.2d 260,

4

263 (Mass. 2004); Mt. Zion State Bank & Trust Co. v. Consolidated Communications, Inc., 660 N.E.2d 863, 868 (Ill. 1995). Plaintiffs have alleged sufficient facts to show that Defendants exercised complete control over their investments. (Complaint, ¶2 - Putnam International Equity Fund "promoted, marketed, and sold shares to the investing public nationwide" and "maintains investor relationships nationwide"; ¶3 - Putman Investment Management, LLC "selects the fund's investments and operates or supervises most phases of the fund's business including the valuing of the fund's portfolio securities and the fund net asset value"; ¶46 - Putnam Investment Management, LLC "provides, among other things, portfolio management services and selects the securities for [the funds] to buy, hold or sell.")  The Defendants' duty arises from their relationship with plaintiffs as "investment advisors whom plaintiffs had allowed to exercise complete control over their investments." Johnson v. Mutual Savings Bank, 1996 U.S. Dist. LEXIS 1899, at *15 (N.D.Ill. 1996) (citing Mann v. Kemper Financial Companies, Inc., 618 N.E.2d 317, 321 (Ill.App. 1 Dist. 1992)).

Plaintiffs have clearly alleged that Defendants breached the duty they owed to Plaintiffs throughout their Complaint. See, e.g., Complaint, ¶34 - "Due to the stale pricing utilized by Defendants, long term buy and hold shareholders have incurred a dilution in the NAV of their shares and the wealth represented by

shareholders who are non-trading long term buy and hold investors.  The transfer of wealth from the non-trading long term buy and hold shareholders to the market timers trading Defendants' fund shares occurs through dilution."

This Court finds that Plaintiffs have sufficiently alleged a duty, the breach of such a duty and damages.

Accordingly, this Court DENIES Defendants' Motion to Dismiss Pursuant to 735 ILCS 5/2-615 and 735 ILCS 5/2-619.

SO ORDERED.

DATE: ____6-25-04____

ENTERED:

_George J. Moran_
Circuit Judge

## CLERK OF THE CIRCUIT COURT

Your firm's case(s) are set for hearing in the Madison County Circuit Court. Please accept this as your notice.

| Date | Time | Case Number | Judge | Room | City of Courthouse |
|---|---|---|---|---|---|
| 8/12/04 | 930 AM | 03-L-001255 | MORAN | 320 | EDWARDSVILLE |

KIRCHER CARL, IND AND ON BEHALF V. PUTNAM FUNDS TRUST A BUSINESS
(D/PUTNAM/MOT FOR AN EXT OF TIME)   *999-3956 CW*

| 8/12/04 | 930 AM | 03-L-001539 | MORAN | 320 | EDWARDSVILLE |

DUDLEY STEVE INDIVIDUALLY AND  V. PUTNAM INTERNATIONAL EQUITY FU
(D/PUTNAM/MOTION FOR AN EXTENSION OF TIME)   *999-3956A CW*

| 8/12/04 | 930 AM | 03-L-001540 | MORAN | 320 | EDWARDSVILLE |

DUDLEY STEVE INDIVIDUALLY AND  V. PUTNAM INVESTMENT FUNDS
(D/PUTNAM/MOT FOR AN EXT OF TIME)   *999-3956B CW*

| 8/12/04 | 930 AM | 04-L-000306 | MORAN | 320 | EDWARDSVILLE |

CRANE LARRY E  V.  ALTON MEMORIAL HOSPITAL
(D/DAVID RIESENBERGER/MOTION TO DISMISS)   *709-5231 MJN*

| 8/12/04 | 930 AM | 04-L-000306 | MORAN | 320 | EDWARDSVILLE |

CRANE LARRY E  V.  ALTON MEMORIAL HOSPITAL
(D/DR LAWRENCE BURCH/MOTION TO DISMISS)   *709-5231 MJN*

Exhibit D – 9

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

**FILED**

SEP 09 2004

CLERK OF CIRCUIT COURT #5
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| STEVE AND BETH DUDLEY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No. 03 L 1539 |
| PUTNAM INTERNATIONAL EQUITY FUND and PUTNAM INVESTMENT MANAGEMENT, LLC, | ) ) ) | Defendants Demand Trial By Jury |
| Defendants. | ) | |

## ANSWER

Defendants Putnam International Equity Fund and Putnam Investment Management, LLC (together, the Putnam Defendants"), by and through their attorneys, respond as follows to the above-captioned complaint (the "Complaint"):

1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2.     Deny the allegations of paragraph 2 of the Complaint, except admit the allegations of the first sentence of that paragraph.

3.     Deny the allegations of paragraph 3 of the Complaint, except admit the allegations of the first and fourth sentences of that paragraph.

Exhibit D – 10

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.     Deny the allegations of paragraph 5 of the Complaint.

6.     Deny the allegations of paragraph 6 of the Complaint.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.    Deny the allegations of paragraph 10 of the Complaint.

11.    Deny the allegations of paragraph 11 of the Complaint.

12.    Deny the allegations of paragraph 12 of the Complaint.

13.    Deny the allegations of paragraph 13 of the Complaint.

14.    Deny the allegations of paragraph 14 of the Complaint.

15.    Deny the allegations of paragraph 15 of the Complaint.

16.    Deny the allegations of paragraph 16 of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

2

18.     Deny the allegations of paragraph 18 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 18.

19.     Deny the allegations of paragraph 19 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 19.

20.     Deny the allegations of paragraph 20 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 20.

21.     Deny the allegations of paragraph 21 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 21.

22.     Deny the allegations of paragraph 22 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 22.

23.     Deny the allegations of paragraph 23 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 23.

3

24.   Deny the allegations of paragraph 24 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 24.

25.   Deny the allegations of paragraph 25 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 25.

26.   Deny the allegations of paragraph 26 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 26.

27.   Deny the allegations of paragraph 27 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 27.

28.   Deny the allegations of paragraph 28 of the Complaint.

29.   Deny the allegations of paragraph 29 of the Complaint.

30.   Deny the allegations of paragraph 30 of the Complaint.

31.   Deny the allegations of paragraph 31 of the Complaint.

32.   Deny the allegations of paragraph 32 of the Complaint.

33.   Deny the allegations of paragraph 33 of the Complaint.

34.   Deny the allegations of paragraph 34 of the Complaint.

35.   Deny the allegations of paragraph 35 of the Complaint.

4

36. Deny the allegations of paragraph 36 of the Complaint.

37. Deny the allegations of paragraph 37 of the Complaint except admit that plaintiffs purport to bring a class action.

38. Deny the allegations of paragraph 38 of the Complaint.

39. Deny the allegations of paragraph 39 of the Complaint.

40. Deny the allegations of paragraph 40 of the Complaint and each and every subparagraph thereof.

41. Deny the allegations of paragraph 41 of the Complaint and each and every subparagraph thereof.

42. Deny the allegations of paragraph 42 of the Complaint.

43. Deny the allegations of paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, the Putnam Defendants repeat and incorporate by reference paragraphs 1 through 43 hereof as if fully set forth herein.

45. Deny the allegations of paragraph 45 of the Complaint.

46. Admit the allegations of paragraph 46 of the Complaint, except deny the allegations of the last sentence of paragraph 46 on the ground that they consist of assertions of law as to which no response is necessary.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

48.   Deny the allegations of paragraph 48 of the Complaint.

49.   Deny the allegations of paragraph 49 of the Complaint and each and every subparagraph thereof.

50.   Deny the allegations of paragraph 50 of the Complaint and each and every subparagraph thereof.

51.   In response to paragraph 51 of the Complaint, the Putnam Defendants repeat and incorporate by reference paragraphs 1 through 48 hereof as if fully set forth herein.

52.   Deny the allegations of paragraph 52 of the Complaint on the ground that they consist of assertions of law as to which no response is necessary.

53.   Deny the allegations of paragraph 53 of the Complaint.

54.   Deny the allegations of paragraph 54 of the Complaint and each and every subparagraph thereof.

55.   Deny the allegations of paragraph 55 of the Complaint and each and every subparagraph hereof.

56.   The Putnam Defendants deny each and every allegation, statement, matter and thing in the Complaint not expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

### First Defense

57.   The claims in the case are preempted by federal law.

### Second Defense

58.     The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

59.     Pursuant to its contract with Putnam International Equity Fund and/or Putnam International Growth Fund, Putnam Investment Management, LLC is not liable to plaintiffs.

### Fourth Defense

60.     Plaintiffs lack standing to sue the Putnam Defendants.

### Fifth Defense

61.     The claims in this case are barred, in whole or in part, by the applicable statutes of limitations.

### Sixth Defense

62.     The claims in this case are barred by the doctrines of waiver, estoppel and laches.

7

CERTIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, under-signed counsel certify, as counsel for the Putnam Defendants so indicated, in accordance with 735 ILCS 5/2-610, the truth of statements in the Answer denying certain allegations for want of knowledge.

Dated: September 9, 2004

Charles L. Joley, #06188622
Georgiann Oliver, #06196610
DONOVAN, ROSE, NESTER & JOLEY, PC
8 East Washington Street
Belleville, Illinois 62220
(618) 235-2020

*Attorneys for Defendant*
*Putnam Investment Management, LLC*

Rebecca R. Jackson
Ann C. Barron
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway
St. Louis, Missouri 63102
(314) 259-2000

*Attorneys for Defendant*
*Putnam International Equity Fund*

8

# IN THE CIRCUIT COURT, THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

STEVE DUDLEY, *et al.*,                )
                                   )
              Plaintiffs,    )
                                   )
              v.    )   Case No. 03 L 153
                                   )
PUTNAM INTERNATIONAL EQUITY    )
FUND, *et al.*,                )
                                   )
              Defendants.    )

**FILED SEP 09 2004 CLERK OF CIRCUIT COURT #5 THIRD JUDICIAL CIRCUIT MADISON COUNTY, ILLINOIS**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of **Answer** was served upon the attorneys of record of all parties to the above cause by enclosing the same in an envelope to such attorney at their business address as disclosed by the pleadings of record, with postage fully prepaid and by depositing said envelope in a U.S. Post Office Mail Box in Belleville, Illinois on the 9th day of September, 2004.

CHARLES L. JOLEY

Mr. Stephen M. Tillery
Korein Tillery
10 Executive Woods Court
Swansea, Illinois 62226

Mr. George A. Zelcs
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602

Mr. Klint Bruno
Law Offices of Klint Bruno
1131 Lake Street
Oak Park, Illinois 60301
**Attorneys for Plaintiffs**

Ms. Rebecca R. Jackson
Ms. Ann C. Barron
Bryan Cave, LLP
One Metropolitan Square, Ste. 3600
St. Louis, Missouri 63102
**Attorneys for Putnam Funds Trust, Evergreen International Trust and Evergreen Investment Management, LLC**

Mr. John D. Donovan
Ropes & Gray, LLP
One International Place
Boston, Massachusetts 02110
**Attorneys for Defendant Putnam Funds Trust**

Mr. Matthew R. Kipp
Ms. Donna L. McDevitt
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Mr. James R. Carroll
Skadden, Arps, Slate, Meagher & Flom
One Beacon Street
Boston, Massachusetts 02108-3194
**Attorneys for Putnam Investment Management LLC**

Mr. Jeffrey B. Maletta
Kirkpatrick & Lockhart LLP
1800 Massachusetts Avenue, N.W.
2nd Floor
Washington, D.C. 20036-1800
**Attorneys for Evergreen International Trust**
**and Evergreen Investment Management Company, LLC**

Mr. Eugene Barash
Korein Tillery
701 Market Street, Ste. 300
St. Louis, Missouri 63101

FILED

SEP 09 2004

CLERK OF CIRCUIT COURT #3
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

Steve and Beth Dudley, individually          )
and on behalf of all others similarly situated, )
                                              )
              Plaintiffs,                     )
                                              )
vs.                                           )     Cause No. 03 L 1539
                                              )
Putnam International Equity Fund              )     Defendants Demand
and Putnam Investment Management, LLC,        )     Trial By Jury
                                              )
              Defendants.                     )

## DEMAND FOR JURY TRIAL

Comes now defendants, Putnam International Equity Fund and Putnam
Investment Management, LLC, by and through their attorneys, Donovan, Rose, Nester &
Joley, P. C. and Bryan Cave, LLP, and hereby demands a trial by jury of twelve of the
above-styled cause.

_____

Charles L. Joley, #06188622
Georgiann Oliver, #06196610
Donovan, Rose, Nester & Joley, PC
8 East Washington Street
Belleville, Illinois  62220
(618) 235-2020

**Exhibit D – 11**

Attorneys for Defendant
Putnam Investment Management, LLC

Rebecca R. Jackson
Ann C. Barron
Bryan Cave LLP
One Metropolitan Square
211 North Broadway
St. Louis, Missouri 63102
(314) 259-2000

Attorneys for Defendant
Putnam Funds Trust

2

## IN THE CIRCUIT COURT, THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

STEVE DUDLEY, *et al.*,            )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )   Case No. 03 L 1539
                                   )
PUTNAM INTERNATIONAL EQUITY        )
FUND, *et al.*,                    )
                                   )
            Defendants.            )

**FILED**
SEP 09 2004
CLERK OF CIRCUIT COURT #5
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of **Jury Demand** was served upon the attorneys of record

of all parties to the above cause by enclosing the same in an envelope to such attorney at their business

address as disclosed by the pleadings of record, with postage fully prepaid and by depositing said

envelope in a U.S. Post Office Mail Box in Belleville, Illinois on the 9th day of September, 2004.

CHARLES L. JOLEY

Mr. Stephen M. Tillery
Korein Tillery
10 Executive Woods Court
Swansea, Illinois 62226

Mr. George A. Zelcs
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602

Mr. Klint Bruno
Law Offices of Klint Bruno
1131 Lake Street
Oak Park, Illinois 60301
**Attorneys for Plaintiffs**

Ms. Rebecca R. Jackson
Ms. Ann C. Barron
Bryan Cave, LLP
One Metropolitan Square, Ste. 3600
St. Louis, Missouri 63102
**Attorneys for Putnam Funds Trust, Evergreen International
Trust and Evergreen Investment Management, LLC**

Mr. John D. Donovan
Ropes & Gray, LLP
One International Place
Boston, Massachusetts 02110
**Attorneys for Defendant Putnam Funds Trust**

Mr. Matthew R. Kipp
Ms. Donna L. McDevitt
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Mr. James R. Carroll
Skadden, Arps, Slate, Meagher & Flom
One Beacon Street
Boston, Massachusetts 02108-3194
**Attorneys for Putnam Investment Management LLC**

Mr. Jeffrey B. Maletta
Kirkpatrick & Lockhart LLP
1800 Massachusetts Avenue, N.W.
2nd Floor
Washington, D.C. 20036-1800
**Attorneys for Evergreen International Trust**
**and Evergreen Investment Management Company, LLC**

Mr. Eugene Barash
Korein Tillery
701 Market Street, Ste. 300
St. Louis, Missouri 63101

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

STEVE and BETH DUDLEY, individually )
and on behalf of all others similarly situated, )
                                       )
     Plaintiffs, )
                                         )
vs. )     No. 03-L-1539
                                         )
PUTNAM INTERNATIONAL EQUITY FUND and )
PUTNAM INVESTMENT MANAGEMENT, LLC, )
                                         )
     Defendants. )

**FILED**
APR 26 2006
CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, IL

### NOTIFICATION TO THE CLERK

    This matter having come to be heard for a report on status and upon the Order

remanding this case to this Court has been vacated, and that Plaintiffs' claims have been

dismissed with prejudice by Order of the United States District Court for the Southern District of

Illinois entered on June 1, 2005, following removal to that Court. The Court being fully advised

in the premises, hereby directs the Circuit Clerk to record in the docket the closure of the file.

Dated:   4/26/06        _____

Clerk to CLOSE FILE.

Exhibit D – 12



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
750 Missouri Avenue
P. O. Box 249
East St. Louis, IL 62202
618/482-9371

Norbert G. Jaworski
Clerk of Court

July 18, 2007

FILED

JUL 1 9 2007

CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

Clerk of the Circuit Court
Madison County Circuit Court
155 North Main Street
Edwardsville, IL 62025

RE:   Steve Dudley, et al. vs. Putnam International Equity Fund, et al.
      District Court No. 06-1013-GPM
      State Court No. 03-L-1539

Enclosed is a copy of the Order of Judge G. Patrick Murphy filed July 16, 2007 remanding the above mentioned cause to your Court.

Please acknowledge receipt of the Order by returning a signed copy of this letter to the undersigned at the office indicated above.

Very truly yours,

NORBERT G. JAWORSKI, Clerk

By: s/ Lisa M. Braun
Deputy Clerk

Enclosure
Copy to counsel of record

Received by _____
Date _____7/19/07_____

CV-11
(6/99)

Exhibit D – 13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVE DUDLEY and BETH DUDLEY, )
individually and on behalf of all others )
similarly situated, )
  )
       Plaintiffs, )
  )
vs. )   CIVIL NO. 06-1013-GPM
  )
PUTNAM INTERNATIONAL EQUITY )
FUND and PUTNAM INVESTMENT )
MANAGEMENT, LLC, )
  )
       Defendants. )

## ORDER

      This matter is before the Court on the motion for remand to state court based on procedural defects in removal brought by Plaintiffs Steve Dudley and Beth Dudley (Doc. 9). The motion is **GRANTED**. *See Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 703-09 (S.D. Ill. 2007); *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1107-13 (S.D. Ill. 2007). Pursuant to 28 U.S.C. § 1447(c) this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, by reason of untimeliness of removal. All further proceedings in this case after remand shall occur in Case No. 03-L-1539.

      **IT IS SO ORDERED.**

      DATED: 7/16/2007

                               s/ *G. Patrick Murphy*
                               G. Patrick Murphy
                               Chief United States District Judge

**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

Steve and Beth Budley, et. al.
_____
Plaintiff/Petitioner

vs.

Putnam International Equity Funds
_____
Defendant/Respondent

No. 03-L-1539

Div. _____

**ORDER**

This cause coming to be heard & all parties being duly advised in the premises, the Court Orders as follows:

① For the purpose of briefing & hearing on Defendants' Motion for Judgment on the Pleadings, the Plaintiffs shall file a single consolidated brief and the Court shall ~~the~~ conduct one hearing on the Motion. That hearing will be held on Tuesday, October 23 at 1:15 p.m. Plaintiff's Brief in Opposition shall be filed and served by October 12, 2007.

② For the purpose of discovery scheduling, these cases shall be consolidated until a class certification hearing is conducted by the Court.

**FILED**

SEP 26 2007

CLERK OF CIRCUIT COURT #74
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

Date 9/26/07
_____

_____
Judge

Exhibit D – 14

THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS



CARL KIRCHER and ROBERT
BROCKWAY, individually and on behalf
Of all others similarly situated,

v.

PUTNAM FUNDS TRUST, ET AL

03-L-1255

(Consolidated with 03-L-
1539 and 03-L-1540 for
argument)

ORDER

This cause came before the Court for argument in combination with two other actions assigned to the undersigned. The court took the matter under advisement to review the voluminous pleadings and the submissions of all counsel.

This action was initially removed to federal court and recently remanded back to this court. The Court has reviewed the Supreme Court's Order in *Kircher v. Putnam Funds Trust, 126 S. Ct. 2145 (2006)*.

Defendants' motion for judgment on the pleadings tests the complaint on its face and can be granted only if the defendant is entitled to judgment as a matter of law. The action is a putative class action. The court's analysis will deal with whether SLUSA (Securities Litigation Uniform Standards Act) pre-empts the state law claims as a putative class action noting that certification of a class has not been granted. While this Court has read the decision of the federal court that remanded these cases back to state court, that decision does not control this outcome. This court is required to review the issue of SLUSA preclusion and may of course review and consider the analysis from other courts in making its determination. The undersigned notes that the federal decision makes several presumptions about the evidence that would be presented and how it would differ from what the plaintiffs argue they expect it to be. If the analysis of the federal court as to content of plaintiffs' evidence and the emphasis of its

presentation turns out to be prophetic, the complaint would indeed run afoul of SLUSA. However, these motions are for judgment on the pleadings and this court is held to what is in the pleadings rather than any alleged ability to foretell what may be presented as evidence in the face of both sides disagreeing as to what the evidence will be. The court is well aware that "artful pleading" by the use of terms found in any thesaurus that actually mean fraud and misrepresentation will not allow plaintiffs to avoid defendants' motion for judgment on the pleadings.

If the only way plaintiffs can prevail on their claims is to prove an untrue statement, misrepresentation, omission of a material fact or manipulation of facts, defendants prevail. (15 USC sec. 77(p) (b)). Plaintiffs' position is that the claims in the complaint concern mishandling and not misrepresentation and they will not use such proof.

SLUSA requires dismissal only where all the elements exist: a covered class action based on a state law alleging misrepresentation or deceptive practice in connection with a sale or purchase of a covered security.

In essence, these actions deal with allegations of negligence or recklessness based on market timing in international funds. Plaintiffs fault defendants for ignoring or not knowing that calculating the net asset value (NAV) of foreign securities using the New York Stock Exchange closing time fails to take into account what happens in foreign trading markets in different time zones. Plaintiffs claim is that the funds' failure to adjust when trading is allowed leaves their fund owners vulnerable. Savvy market-timer traders are allowed by defendants to buy or sell by taking the foreign markets into account which adversely affects the value of funds owned by the plaintiffs. Investors place orders for the mutual funds shares then the NAV is calculated after the close of the New York Stock Exchange and then trade orders are executed after the NAV is set at the new price. The complaint can be read to challenge the way the funds are handled without alleging the fund managers are misrepresenting or manipulating the values. The court does not find that factual recitations of what defendants' state in a prospectus necessarily implies that plaintiff means the

recitations are false. If plaintiffs head down that road, the court would certainly expect to receive a motion and will rule accordingly.

The motions cannot be granted as a judgment on the pleadings under 735 ILCS 5/2-615(e). The Motions are denied.

Clerk to send copies.

Entered December 20, 2007.

*B Crawler*

Judge

**IN THE CIRCUIT COURT,**
**FOR THE THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**



STEVE and BETH DUDLEY, individually and on
behalf of all others similarly situated,

        *Plaintiffs,*

    v.

PUTNAM INTERNATIONAL EQUITY FUND
and PUTNAM INVESTMENT MANAGEMENT,
LLC

        *Defendants.*

Case No. 2003-L-001539

Judge Barbara Crowder

## ORDER

Motion for Leave for James R. Carroll to Appear "pro hac vice" allowed.  The Court

having noted that defendant Putnam Investment Management LLC is represented by more than

one attorney, it is hereby ordered that attorney Charles L. Joley is designated as lead counsel for

the said defendant.  Service on lead counsel of notices and copies of pleadings directed to the

defendant represented by that attorney is sufficient and need not be made on other attorneys for

the same defendant.  Further, if directed by the Court, lead counsel shall be responsible for

sending notice to co-counsel and opposing counsel of hearings to be held on motions filed by

lead counsel or co-counsel.

    **Clerk to send copies of this order to the attorneys of record.**

Dated: *March 13, 2008*         *B Crowder*
                               Judge Barbara Crowder

**Exhibit D – 16**

## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

_Dudley et al_
_____
Plaintiff/Petitioner

vs.

_Putnam_
_____
Defendant/Respondent

No. _03 L_

Div. _153y_

**FILED**

JUN 2 3 2009

CLERK OF CIRCUIT COURT #69
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

### ORDER

_Due to the fact that this case is under appeal, parties can disregard the status/review setting of July 22, 2009._

_Setting of July 22, 2009 is cancelled,_
_clk to reset for review 12/16/09_
_@ 9:00 AM_

Date _6/23/09_ _____

_B.C._ _____
Judge

**Exhibit D – 17**

## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

Dudley

_____
Plaintiff/Petitioner

vs.

Coburn

_____
Defendant/Respondent

No. 05 L 1589

Div. _____

### ORDER

CMC continued to June 30, 2010.

_____

_____

_____

_____

_____

_____

_____

_____

**FILED**

MAR 24 2010

CLERK OF CIRCUIT COURT #18
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

_____

_____

Ds: Irwin M. Campbell

T: Christy Dutton

Date 3/24/10                        B C

                                         Judge

**Exhibit D – 18**