IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DUDLEY and BETH DUDLEY, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL NO. 10-328-GPM<br>) |
| PUTNAM INTERNATIONAL EQUITY FUND and PUTNAM INVESTMENT MANAGEMENT, LLC, | )<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court sua sponte on a procedural defect in the removal of this case. Plaintiffs Steve Dudley and Beth Dudley, who are shareholders in Defendant Putnam International Equity Fund ("PIEF"), a mutual fund managed by Defendant Putnam Investment Management, LLC ("PIM"), bring this action on behalf of themselves and a proposed class of shareholders in PIEF. The Dudleys allege that PIEF's managers have breached state-law duties to the fund's shareholders by valuing PIEF's shares in a way that permits arbitrageurs to engage in "market-timed" trades of the fund's shares by exploiting differences between the value of the fund's assets as they are priced once a day by the fund and the value of the fund's shares as they are actually trading in foreign markets. *See generally In re Mutual Fund Market-Timing Litig.*, 468 F.3d 439, 441 (7th Cir. 2006). The case has been removed by PIEF and PIM from the Circuit Court of the Third Judicial Circuit,

Madison County, Illinois, to this Court pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. 105-353, 112 Stat. 3227 (codified in scattered sections of 15 U.S.C.).[1]

## II. ANALYSIS

SLUSA amended the Securities Act of 1933 and the Securities Exchange Act of 1934 to preclude the maintenance of certain state-law claims regarding securities as class actions, and to provide for the removal to federal court of class actions asserting those claims. Specifically, SLUSA amended the 1933 Act to provide, in pertinent part:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
>
> * * *
>
> Any covered class action brought in any State court involving a covered security . . . shall be removable to the Federal district court for the district in which the action is pending[.]

15 U.S.C. § 77p(b), (c). The same provisions were added to the 1934 Act. *See* 15 U.S.C. § 78bb(f)(1), (f)(2). Thus, an action is removable to federal court under SLUSA if it is (1) a "covered class action," (2) that is based on a state law, (3) alleging a misrepresentation or omission

---

1. The Court notes that this is not the first time this case has been before the Court on removal from state court. *See, e.g., Dudley v. Putnam Int'l Equity Fund*, Civil No. 03-853-GPM, 2004 WL 5239426 (S.D. Ill. Jan. 27, 2004). However, the Court recognizes also that, in some instances, a defendant may seek to remove a case more than once. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999). The Court sees no reason to recite the convoluted procedural history of this case and its journeys between state and federal court on removal in this Order.

of a material fact or use of any manipulative or deceptive device or contrivance (4) "in connection with" the purchase or sale of a covered security, and all of these elements must be present for SLUSA to apply. *See Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-cv-709-JPG, 2007 WL 3231423, at *5 (S.D. Ill. Oct. 30, 2007) (collecting cases). A "covered class action" within the meaning of SLUSA includes an action in which "damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members." 15 U.S.C. § 77p(f)(2)(A)(i)(I); 15 U.S.C. § 78bb(f)(5)(B)(i)(I). For SLUSA purposes, "covered securities" include registered mutual fund shares. *See* 15 U.S.C. § 77p(f)(3); 15 U.S.C. § 78bb(f)(5)(E); 15 U.S.C. § 77r(b)(2).

Importantly, removal under SLUSA is governed by the ordinary procedural requirements for removal from state court to federal court, including 28 U.S.C. § 1446, which controls the time for removal. *See Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1104-05 (S.D. Ill. 2007) (citing *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 638-48 (2006)). What this means, then, is that to effect timely removal under SLUSA a defendant must remove within thirty days of receipt of a complaint or of an "amended pleading, motion, order or other paper" showing that a case is removable. 28 U.S.C. § 1446(b). Here PIEF and PIM assert that the removal of this case is timely because it was effected within thirty days of the issuance of the mandate of the Appellate Court of Illinois, Fifth District, in *Kircher v. Putnam Funds Trust*, 922 N.E.2d 1164 (Ill. App. Ct. 2010). In *Kircher*, a case to which PIM was a party, the Illinois Appellate Court found that claims under state law substantially identical to those asserted in this case are precluded by SLUSA. *See id*.

at 1166-68, 1170-73. The Court does not agree that *Kircher* is "other paper" authorizing removal of this case. The United States Court of Appeals for the Seventh Circuit specifically has held that "other paper" for purposes of Section 1446(b) means documents generated within a case as to which removal is sought, not documents from other cases. "Th[e] language of section 1446(b) of the Judicial Code refers . . . to pleadings, etc., filed in the suit sought to be removed, not in some other suit[.]" *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533 (7th Cir. 2008) (a complaint filed in federal court was not "other paper" authorizing removal of a separate action) (collecting cases). The narrow limitation of "other paper" to documents generated within a case as to which removal is sought is comprehensive, and extends not only to pleadings produced outside the removed case, as in *Amgen*, but to changes in the law pronounced by the Supreme Court of the United States and even amendments to statutes governing federal subject matter jurisdiction and removal. *See Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1016 (S.D. Ill. 2007) (a decision of the United States Supreme Court regarding the scope of preclusion of state law by SLUSA was not "other paper" permitting removal of a separate case); *Disher v. Citigroup Global Mkts., Inc.*, 486 F. Supp. 2d 790, 801 n.5 (S.D. Ill. 2007) (same); *Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 704 (S.D. Ill. 2007) (same); *Coman v. International Playtex, Inc.*, 713 F. Supp. 1324, 1326-27 (N.D. Cal. 1989) (an amendment of a federal statute to permit removal of cases containing "John Doe" defendants in federal diversity jurisdiction was not "other paper"); *Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina)*, 428 F. Supp. 1035, 1037-38 (S.D.N.Y.1977) (a statute enacted to allow removal by foreign states was not "other paper"). Thus, a decision of the Illinois Appellate Court in a case separate from this case is not "other paper" authorizing removal of this case.

A few courts have recognized a limited exception to the general rule that under 28 U.S.C. § 1446(b) documents generated outside a case as to which removal is sought are not "other paper" authorizing removal. These courts hold that a judicial decision in a case separate from a case sought to be removed can constitute "other paper" if the decision is "sufficiently related to a pending case [as to which removal is sought] to trigger Section 1446(b) removability." *Doe v. American Red Cross*, 14 F.3d 196, 202-03 (3d Cir. 1993). A judicial decision in a case separate from a case sought to be removed is "sufficiently related" to permit removal if the decision "came from a court superior in the same judicial hierarchy, was directed at a particular defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues." *Id.* at 203 (holding that a decision of the United States Supreme Court authorizing the American Red Cross to remove lawsuits against it on the basis of the organization's federal charter was "other paper" permitting removal of a separate case against the same defendant). *See also Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267-68 (5th Cir. 2001) (a decision of the United States Court of Appeals for the Fifth Circuit holding that a plaintiff's claims against a cigarette manufacturer were precluded under state and federal law authorized the manufacturer to remove a separate case against it asserting the same claims); *Young v. Chubb Group of Ins. Cos.*, 295 F. Supp. 2d 806, 807-09 (N.D. Ohio 2003) (a decision of the United States Court of Appeals for the Sixth Circuit holding that a suit against an insurance company was properly brought in federal diversity jurisdiction authorized the insurer to remove a separate case). The Court finds little merit in this exception to the general rule that a case may not be removed on the basis of "other paper" generated outside the case as to which removal is sought; indeed, in *Amgen* the Seventh Circuit Court of Appeals mocked the exception set out in *Doe* and *Green* as "too tenuous to be

convincing[.]" 516 F.3d at 534. However, even assuming for the sake of argument that the exception has any merit, it has no applicability to this case.

As already has been noted, it appears that PIM was a party to the *Kircher* case decided by the Illinois Appellate Court, and therefore the Court assumes without deciding that, if the Dudleys' claims against PIM are precluded by SLUSA, those claims constitute separate and independent claims arising under federal law. *See* 28 U.S.C. § 1441(c); *Kurz*, 2007 WL 3231423, at *4.[2] However, the Illinois Appellate Court is not superior to this Court in the same judicial hierarchy and, accordingly, the decision of that court in *Kircher* does not expressly authorize PIM to remove SLUSA-precluded cases from state court to federal court. As already has been noted, in all of the decisions the Court has found allowing removal of a case on the basis of a judicial decision in a separate case (e.g., *Doe*, *Green*, and *Young*), the court in the separate case was one with the power to issue binding decisions as to removal (e.g., respectively, the United States Supreme Court, the Fifth Circuit Court of Appeals, and the Sixth Circuit Court of Appeals). By contrast, the decisions of Illinois state courts regarding matters of federal law have no binding effect on a federal court. *See Carmell v. Texas*, 529 U.S. 513, 544 n.31 (2000) (interpretation of the provisions of the Constitution is a matter of federal law to be decided under federal standards, regardless of state-court interpretations of such provisions); *American Trucking Ass'ns, Inc. v. Smith*, 496 U.S. 167, 177-78

---

2. It should be noted that, even if the Court assumes that the Dudleys' claims against PIM are separate and independent within the meaning of Section 1441(c), this does not mean that the Court is required to exercise jurisdiction as to the Dudleys' claims against PIEF, as the usual practice in a case removed pursuant to Section 1441(c) is to remand all but the removable claim. *See* 28 U.S.C. § 1441(c) (providing that, in a case removed on the basis of a separate and independent federal claim, a court "in its discretion, may remand all matters in which State law predominates"); *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980) (noting that, where a case is removed on the basis of a separate and independent claim arising under federal law, it is advisable to remand the non-federal portion of the case to state court).

(1990) ("The determination whether a constitutional decision of this Court is retroactive . . . is a matter of federal law . . . . [W]e have consistently required that state courts adhere to our retroactivity decisions."); *Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 508 (1937) ("[T]he particular name which a state court or legislature may give to a money payment commanded by its statute is not controlling . . . when its constitutionality is in question[.]"); *Capitol Enters., Inc. v. City of Chicago*, 260 F.2d 670, 672 (7th Cir. 1958) (the court could subject a city ordinance to federal constitutional tests, even though the Supreme Court of Illinois had determined the ordinance to be constitutional); *Rodriguez v. Bar-S Food Co.*, 539 F. Supp. 710, 715 (D. Colo. 1982) ("Of course, state court decisions on questions of federal law are not controlling on this court, but are entitled to respectful consideration."). Correspondingly, "state law . . . does not control the resolution of issues governed by federal statute." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 198 (1988). *See also Western Air Lines, Inc. v. Board of Equalization of S.D.*, 480 U.S. 123, 129 (1987) (noting "[t]he general principle" that "the meaning of words in a federal statute is a question of federal law"); *SEC v. Variable Annuity Life Ins. Co. of Am.*, 359 U.S. 65, 69 (1959) (state-court decisions concerning whether annuity contracts are "insurance" were not decisive on the issue of whether such contracts are insurance under the McCarran-Ferguson Act); *United States v. Miami Univ.*, 294 F.3d 797, 811 (6th Cir. 2002) (quoting *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)) ("[F]ederal courts owe no deference to a state court's interpretation of a federal statute. 'Notions of federalism do not require this court to follow a State court's holdings with respect to federal questions.'"). Here, the decision of the Illinois Appellate Court in *Kircher* seems well-reasoned and correct, but it is not a decision of a court superior to this Court authorizing removal of cases and thus it is not "other paper" under 28 U.S.C. § 1446(b).

The fact that PIEF and PIM have failed to remove this case within thirty days of receipt of "other paper" showing that the case is removable goes, of course, to the timeliness of removal. Failure to effect timely removal under 28 U.S.C. § 1446(b) is a procedural defect in removal, not a jurisdictional one, and it is waived unless raised by a plaintiff within thirty days of the date of removal. *See* 28 U.S.C. § 1447(c); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006). The Seventh Circuit Court of Appeals encourages district judges to notice procedural defects in removal sua sponte. "District judges who look carefully at newly filed or removed cases, and identify potential defects in their institution or removal, do both the parties and the legal system a great service." *In re Continental Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994). By the same token, however, district judges may not remand cases sua sponte on the basis of procedural defects in removal. The reason is that, as already has been noted, such defects are waived if not objected to by a plaintiff within thirty days of removal, and a plaintiff whose case finds its way into federal court via removal may wish to waive a procedural defect in removal and stay in federal court. In *Continental Casualty* the court explained that "[e]ver since *Ayers v. Watson*, 113 U.S. 594, 5 S. Ct. 641, 28 L. Ed. 1093 (1885), it has been accepted that non-jurisdictional objections to removal may be waived. The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum." *Id*. at 294. The court said further, "[p]rocedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited. Having found himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive *both* sides of their preferred forum." *Id*. (citing

Fed. R. Civ. P. 12(h)(1)) (emphasis in original). *Accord In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993) ("Where a removed plaintiff, by its inaction, has acquiesced in federal jurisdiction . . . it hardly will do for the court *sua sponte* to interfere with the parties' apparent choice of forum.").

As a practical matter, of course, "parties who have chosen to file in a state court almost invariably prefer to remain there, so that they tend to resist removal on any available basis." *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *3 (S.D. Ill. May 19, 2009) (quoting *Viero v. Bufano*, No. 95 C 2281, 1995 WL 248082, at *1 (N.D. Ill. Apr. 25, 1995)). Correspondingly, in *Continental Casualty* the Seventh Circuit Court of Appeals held that district courts, upon noticing procedural defects in removal, "should alert the parties" to such defects, so that plaintiffs can make an informed decision about whether to remain in federal court. 29 F.3d at 295. *See also Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225654, at **3-4 (S.D. Ill. Nov. 13, 2007) (citing *Continental Cas.*, 29 F.3d at 294-95) (noticing sua sponte a defect in removal procedure so that the plaintiff's counsel could "determine whether they wish to file a motion to remand this action because of its obvious noncompliance with the statutory removal provisions."); *Bullock v. Humana Health Care Plans, Inc.*, 988 F. Supp. 1123, 1124-25 (N.D. Ill. 1997) (noticing sua sponte a procedural defect in the removal of an action from state court, and ordering the parties to file within seven days of the date of the order: on behalf of the plaintiff, either a motion for remand on the basis of the procedural defect in the removal of the case or a statement that the defect was waived; and on behalf of the removing defendant, any explanation it might have for the procedural defect in the removal). Consistent with the procedure recommended by the Seventh Circuit Court of Appeals

in *Continental Casualty*, having noticed a procedural defect in the removal of this action, specifically, the untimeliness of the removal under 28 U.S.C. § 1446(b), the Court will take appropriate action to ascertain whether the Dudleys intend to waive this defect in removal and acquiesce in federal jurisdiction, or whether they prefer instead to seek remand on the basis of the defect. Thus, the Court will direct the Dudleys to file within seven (7) days of the date of entry of this Order either: a motion for remand of this case to state court on the basis of the procedural defect in the removal of the case outlined in this Order; or a written consent to removal. *See Locklear Elec. v. My Overhead Corp.*, Civil No. 07-788-GPM, 2007 WL 4225732, at *5 (S.D. Ill. Nov. 26, 2007) (citing *Continental Cas.*, 29 F.3d at 294-95) (having noticed sua sponte a procedural defect in the removal of an action from state court, the Court directed the plaintiff to submit to the Court by a specified date either a motion for remand of the case to state court based on the procedural defect in removal or a consent to the removal). The Court believes that prompt resolution of the matter of the Dudleys' consent or non-consent to the removal of this case will avoid unnecessary procedural wrangling about the correct forum, state or federal, for the case and ensure that, if this case is to proceed in federal court, it does so with the Dudleys' acquiescence. Naturally, if the Dudleys do not consent to the removal of this case, they can assert in their submission to the Court any grounds for remand that they believe are germane in addition to the one discussed in this Order. The Court also will grant leave to PIEF and PIM to submit an explanation, if any, for the procedural defect in the removal of this case discussed in this Order.[3]

---

3. The Court notes that, should the Dudleys elect to file a motion for remand of this case to state court, they would do well not to argue in such a motion that the Court lacks subject matter jurisdiction in this case pursuant to SLUSA, as the Dudleys' claims plainly are precluded by the statute. *See Kurz*, 2007 WL 3231423, at **5-9; *Potter*, 483 F. Supp. 2d at 695-703; *Kircher*, 922 N.E.2d at 1166-68, 1170-73.

As a final matter, the Court addresses the issue of whether to compel PIEF and PIM to pay costs and expenses pursuant to 28 U.S.C. § 1447, which provides, in pertinent part, that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141. *See also Wolf v. Kennelly*, 574 F.3d 406, 410-11 (7th Cir. 2009). In the Seventh Circuit objective unreasonableness of removal is established only where a removal violates Seventh Circuit law as pronounced by the decisions of the Seventh Circuit Court of Appeals and the United States Supreme Court. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793-94 (7th Cir. 2007); *Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *5 (S.D. Ill. Sept. 29, 2009); *Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1090 (S.D. Ill. 2009); *Roche v. Country Mut. Ins. Co.*, Civil No. 07-367-GPM, 2007 WL 2003092, at *7 (S.D. Ill. July 6, 2007). *But cf. Butler v. Kohl's Dep't Stores, Inc.*, No. 1:08-cv-0084-LJM-JMS, 2008 WL 1836684, at **4-5 (S.D. Ind. Apr. 23, 2008). Generally, it is difficult to establish that the removal of a case is objectively unreasonable so as to warrant an award of costs and expenses, including attorney fees, for improper removal given what the Seventh Circuit Court of Appeals has acknowledged is a "dearth" of appellate authority regarding removal caused by the broad prohibition of appellate review of remand orders imposed by 28 U.S.C. § 1447(d). *Amgen*, 516 F.3d at 533. In this instance, however, the removal of this case in fact does violate established Seventh Circuit law, specifically, *Amgen*, in which, as already has been discussed, the Seventh Circuit Court of Appeals set out as a general rule that a case may be removed only on

the basis of "other paper" that has been "filed in the suit sought to be removed, not in some other suit[.]" *Id.* (quoting 28 U.S.C. § 1446(b)). The Court already has declared its intention to order the parties to this case to submit briefs to the Court concerning the procedural defect in the removal of this case pointed out in this Order. The Court will further direct the parties in their briefs to address the issue of whether an award to the Dudleys of costs and expenses, including attorney fees, is appropriate in this instance.

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** as follows. No later than Wednesday, May 12, 2010, at 12:00 noon the Dudleys **SHALL** file either: a motion for remand of this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c) by reason of the procedural defect in the removal of this case addressed in this Order, to wit, the untimeliness of the removal under 28 U.S.C. § 1446(b), together with any other grounds for remand they may wish to assert; or a written consent to the removal. No later than Wednesday, May 12, 2010, at 12:00 noon PIEF and PIM **SHALL** file any explanation they may have for the procedural defect in the removal of this case discussed in this Order. In their submissions to the Court, the parties **SHALL** address the issue of whether an award of costs and expenses, including attorney fees, to the Dudleys for improper removal is appropriate in this case under Section 1447(c). The parties' submissions should not exceed twenty (20) pages in length.

**IT IS SO ORDERED.**

DATED: May 5, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge